UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL BATES, #180983,

       Petitioner,

v.                                  CASE NO. 07-CV-11073
                                  HONORABLE DENISE PAGE HOOD

LINDA METRISH,

       Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court because Petitioner has filed a notice of appeal concerning the Court's denial of his motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6) arising from the Court's denial of his habeas petition in 2010. A certificate of appealability is necessary for a habeas petitioner to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010), *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.*

With *Slack v. McDaniel* in mind, judges within this district have applied the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012) (*citing* Carr v. Warren, 05–CV–73763, 2010 WL 2868421, *2. (E.D. Mich. July 21, 2010) and *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).

Having reviewed the matter, the Court concludes that Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment because he has failed to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying his motion for relief from judgment or that jurists of reason would find it debatable that the underlying petition states a valid claim of the denial of a constitutional right. The Court properly determined that Petitioner's motion was untimely and that Petitioner's habeas claims arising from the Beasley affidavit were time barred and lacked merit.

Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
Dated:  January 17, 2013     United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager