UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL BATES, #180983,

        Petitioner,

v.                                      CASE NO. 07-CV-11073
                                        HONORABLE DENISE PAGE HOOD

LINDA METRISH,

        Respondent.
_____/

## ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT

Petitioner has filed a pro se motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(d), concerning the Court's denial of his petition for a writ of habeas corpus in 2010. The United States Court of Appeals for the Sixth Circuit determined that this Court properly denied his petition and denied a certificate of appealability. *See Bates v. Metrish*, No. 10-1595 (6th Cir. 2011). The United States Supreme Court denied certiorari on February 21, 2012. *See Bates v. Metrish*, _U.S. _, 132 S. Ct. 1568 (2012). Petitioner, through counsel, previously filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) claiming that the Court erred in finding his petition to be untimely under the one-year statute of limitations applicable to federal habeas actions. The Court denied that motion, finding that it was untimely under Rule 60(b), that it lacked merit, and that Petitioner was not entitled to relief in any event because the ruled on the merits of his claims (those that were based upon the Beasley affidavit) in the alternative.

In his current pleading, Petitioner again challenges the Court's statute of limitations ruling, but brings his motion under Federal Rule of Civil Procedure 60(d). That rule provides:

Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). An independent action under Rule 60(d) is an equitable action, which has no time limitation. *Mitchell v. Rees*, 651 F.3d 593, 594–95 (6th Cir. 2011). Its elements are:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id*. at 595 (citing *Barrett v. Secretary of Health & Human Svs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)). An independent action under Rule 60(d) is available to prevent "a grave miscarriage of justice." *Id*. (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998), and citing cases). This is a "'stringent' and 'demanding' standard," and, because Petitioner seeks relief from judgment in a habeas case, he must make a strong showing of actual innocence to establish that relief is required. *Id*. at 595–96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998), and *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner makes no such showing. Rather, he merely re-argues issues previously addressed by the Court and/or raises issues which could have been presented in his initial habeas proceeding and his first motion for relief from judgment. His allegations do not warrant the

extraordinary remedy he seeks in this action.  Petitioner has not shown that the Court erred in denying his habeas petition (or his first motion for relief from judgment), that he is innocent, or that he is otherwise entitled to relief under Federal Rule of Civil Procedure 60(d).  Accordingly, the Court **DENIES** Petitioner's motion.

Before Petitioner may appeal, a certificate must issue.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, No. 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).  Having considered the matter, the

Court concludes that Petitioner has failed to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying his motion. Accordingly, the Court **DENIES** a certificate of appealability. This case remains closed.

    **IT IS ORDERED**.

                                                S/Denise Page Hood  
                                                DENISE PAGE HOOD  
                                                UNITED STATES DISTRICT JUDGE

Dated: November 26, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 26, 2013, by electronic means and/or ordinary mail.

                                                s/Holly Monda for LaShawn Saulsberry  
                                                Case Manager